FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 0 5 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SAMPSON IROABUCHI ONWUKA,

        Plaintiff,

-against-

NEW YORK CITY TAXI LIMOUSINE
COMMISSION,

        Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5399 (SLT)(LB)

**TOWNES, United States District Judge:**

In a Memorandum and Order dated December 28, 2010 (the "Prior M&O"), this Court reviewed plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2)(B), granted plaintiff's motion to proceed *in forma pauperis*, and granted plaintiff leave to file an amended complaint. In response, plaintiff submitted an unsigned 10-page, typewritten document entitled, "Complaint Amendment," which failed to comply with all the requirements of the Prior M&O. Although the Prior M&O specifically directed that no summonses should issue, the Clerk of Court errantly issued a summons for defendant "New York City Taxi Limousine Commission" – presumably, the New York City Taxi & Limousine Commission ("TLC") – which was then served on defendant along with the amended pleading.

Defendant alerted the Court to the Clerk's error and never answered or otherwise responded to the summons. Plaintiff now requests that this Court enter a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Defendant not only opposes that request, but urges the Court to dismiss plaintiff's amended pleading either for failure to state a claim (*see* 28 U.S.C. §1915(e)(2)(B)(ii)), or for failure to comply with the Prior M&O (*see* Fed. R. Civ. P. 41(b)). For the reasons set forth below, both plaintiff's and defendant's requests are denied, and plaintiff is directed to file a second amended complaint in accordance with the directions set forth herein.

## BACKGROUND

On September 24, 2010, plaintiff commenced this action by filing a form complaint which named the TLC as the only defendant. The complaint did not specify the basis for jurisdiction, other than to allege that there was "federal question" jurisdiction and that plaintiff was the victim of "police brutality" and "malicious prosecution" (Complaint at 2). Plaintiff principally sought compensatory damages, but also sought "a hearing and a day in court with TLC" and requested that "the Court look into the criminality of the incident" (*id.* at 4).

On December 28, 2010, this Court issued the Prior M&O, which directed plaintiff to amend his complaint. The Court noted that the complaint suggested claims for excessive force and malicious prosecution, and that these claims could be brought under 42 U.S.C. § 1983 ("§1983"). For example, plaintiff's complaint suggested that Officer Thomas Kavanagh violated plaintiff's Constitutional rights by using excessive force in effectuating his arrest and in maliciously prosecuting plaintiff for assault in the second degree. However, the complaint was unclear with respect to three other named individuals: Officer Bonilla and TLC employees Lutz and Miller. In addition, plaintiff's complaint alleged that four "Doe Defendants" – two other TLC officers and two auxiliary policemen – were involved in effectuating his arrest, but did not state whether any of these individuals used excessive force or violated plaintiff's rights in other regards.

The Prior M&O provided plaintiff with specific directions regarding how to amend his complaint, stating:

> Plaintiff shall name as defendants those individuals whom he alleges to have been personally involved in "police brutality" and/or "malicious prosecution." If plaintiff does not know the names of one or more of these individuals, he may identify each of them as a "Doe Defendant" (for example, Jane Doe Clerk #1 or

2

> John Doe Police Officer #1), but must describe the positions that
> they held and the role that each played in this incident (Prior M&O
> at 4-5).

The Court also specifically advised plaintiff that he "should not name the TLC as a defendant" (Prior M&O at 5). The Court explained:

> As an agency of the City of New York, the TLC is not a suable
> entity. Suits against the TLC or any other City agency must be
> brought against the City of New York. N.Y. City Charter § 396.
> The City of New York may be sued under § 1983, but a
> municipality can be liable under this section only if plaintiff can
> show that a municipal policy or custom caused the deprivation of
> his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436
> U.S. 658, 690-91 (1978). Plaintiff's complaint does not suggest
> that the City of New York has engaged in any unconstitutional
> policy or custom (Prior M&O at 5).

In a footnote, the Court "recognize[d] the possibility that plaintiff, in requesting 'a hearing and a day in Court with the TLC' . . . [was] attempting to raise a due process claim relating to the TLC's suspension or revocation of plaintiff's license" (Prior M&O at 5, n.2). The Court explained that, if plaintiff wished to raise such a due process claim, he would have to "fully explain what actions he took in an effort to secure the restoration of his license" (*id.*). The Court also advised plaintiff that "federal courts have generally required plaintiffs to avail themselves of state proceedings before bringing a federal action" (*id.* (citing cases)).

On February 3, 2011, this Court received from plaintiff an unsigned submission entitled "Complaint Amendment." Despite the Prior M&O's admonition that the TLC was not a suable entity, the caption of the amended pleading named the TLC as the sole defendant. However, the body of the pleading suggested that plaintiff was attempting to bring §1983 claims, implying that one or more individuals violated plaintiff's constitutional rights by falsely arresting, unlawfully detaining and falsely imprisoning him; by maliciously prosecuting him; by using excessive force

3

in effecting his arrest, and by depriving him of his property interest in his "hack license" without due process of law. The submission listed ten individuals allegedly involved in these events (*see* Complaint Amendment at 5), but did not specifically identify which of these individuals plaintiff intended to sue. In addition, the submission did not explain what certain individuals specifically named therein – such as a TLC attorney variously identified as Marc or Mark T. Hardekorf[1] – did or failed to do that may have violated plaintiff's federal constitutional or statutory rights.

Although the Prior M&O specifically stated that no summonses were to issue (Prior M&O at 7), the Clerk of Court issued a summons against the TLC on January 5, 2011. On February 11, 2011, defendant's counsel wrote a letter to Magistrate Judge Lois Bloom, alerting the Court to the fact that the summons had been issued in error (*see* Letter to Hon. Lois Bloom from Asst. Corp. Counsel Bradford C. Patrick, dated Feb. 11, 2011, at 1). Noting that plaintiff's amended complaint named the TLC as the sole defendant, defendant's counsel principally requested that the Court, acting on its own motion (or *sua sponte*), dismiss the action either (1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim or (2) pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as a sanction for disregarding the Prior M&O. However, defendant's counsel also wrote:

> In light of the December 28, 2010 Order, we regard the issuance of a summons to the TLC as a legal nullity and will take no action in this matter unless otherwise instructed by the Court, or until there is a proper party defendant, whom the Corporation Counsel may represent, served in this action (*id.* at 2).

---

[1] According to the attorney directory maintained by the New York State Office of Court Administration, no attorney by this name is currently admitted to practice in this State.

4

Although the Court never directed service of process, the United States Marshals Service served the summons on the TLC in late June 2011. Consistent with the position set forth in its letter of February 11, 2011, the TLC did not answer or otherwise respond to the summons. Plaintiff now moves for a default judgment. Defendant not only opposes that request, but renews its request that this Court dismiss the action *sua sponte* pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) or Fed. R. Civ. P. 41(b).

## *DISCUSSION*

As defendant correctly notes, the summons was issued in disregard of this Court's order to the contrary. The docket sheet does not reflect that this order was ever amended or that the United States Marshals Service was ever directed to serve process on the TLC. Since the summons appears to have been issued and served in error, plaintiff's motion for entry of a default is denied.

While defendant is also correct in noting that plaintiff's amended pleading failed to comply with the Prior M&O, this Court notes that plaintiff is representing himself and is unfamiliar with this Court's procedures. *See* Complaint Amendment at 1 (describing this Court's Prior M&O as "quite heavy for a lay person"). This Court has an obligation to make reasonable allowances to protect self-represented (or *pro se*) litigants from the inadvertent forfeiture of important rights because of their lack of legal training. Accordingly, this Court declines to dismiss this action *sua sponte* at this juncture.

This Court cannot, however, accept plaintiff's unsigned "Complaint Amendment" as an amended complaint. Although plaintiff may believe that this Court "demanded" that plaintiff amend his pleading because he "did not 'artfully' present his complain[t]," Complaint

5

Amendment at 2, this Court directed plaintiff to amend his original complaint because it was not clear who plaintiff sought to sue or what causes of action plaintiff sought to allege. This Court cannot issue summonses and order service of those summonses and plaintiff's pleading until it knows precisely who plaintiff intends to sue. Moreover, those defendants who are served with plaintiff's pleading cannot provide a meaningful response thereto unless the pleading states what each defendant is alleged to have done or failed to do that allegedly violated plaintiff's Constitutional rights.

For these reasons, plaintiff is directed to file a second amended complaint. If plaintiff has any procedural questions regarding how to prepare his amended complaint, he can contact the Pro Se Office at this courthouse in person, by mail, or by calling (718) 613-2665. However, In the interests of facilitating the amendment, this Court offers the following guidance.

First, at the top of the first page of his second amended complaint plaintiff should include a caption which lists all parties to this action. The format of that caption should be the same as the caption that appears on the first page of this Memorandum of Order except in two regards. First, plaintiff should write "Second Amended Complaint" in place of "Memorandum and Order." Second, instead of "New York City Taxi Limousine Commission," plaintiff should list each and every defendant plaintiff intends to sue.

Plaintiff should next allege a basis for this Court's exercise of jurisdiction. If plaintiff is a resident of the same state as one or more of the defendants, plaintiff will need to allege "federal question" jurisdiction under 28 U.S.C. § 1331. This section provides that this Court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." This Court assumes that plaintiff will allege that this Court has federal question

jurisdiction because he is bringing this action pursuant to 42 U.S.C. §1983. However, if this assumption is incorrect, plaintiff should cite to another federal statute or suggest some other basis for the exercise of federal jurisdiction over this action.

Next, plaintiff should list the names and addresses of each of the defendants named in the caption of the amended pleading. If plaintiff does not know the name of a defendant, he can name the individual using a fictitious name – for example, "John Doe Security Officer #1" or "Jane Doe Clerk #2" – but should provide a physical description or other information that might help to identify him or her. Thus, instead of identifying a defendant simply as "John Doe Security Officer #1," plaintiff might say, "John Doe Security Officer #1 is a tall, thin, Hispanic man, about 30 years old, who was employed as a Security Officer at the TLC Office at 32-02 Queens Boulevard, Long Island City, and was one of the officers who pulled me away from the partition." If plaintiff provides enough details concerning these "Doe Defendants," this Court can request the Corporation Counsel of the City of New York to assist in ascertaining the full names of these defendants. *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam). Without these details, it may prove impossible to identify such defendants.

After identifying the defendants, plaintiff should provide a chronological description of the events that give rise to this action. This description, which should be set forth in numbered paragraphs, should contain only a short, plain statement of the facts and should not be interspersed with comments and opinions. Plaintiff's account of what happened need not be as detailed as the description of the October 22, 2007, incident that is contained in the "Complaint Amendment," but should be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 .Ct. 1937, 1949 (2009).

Once plaintiff has provided a description of the events that give rise to this action, plaintiff should explain why he claims each of the defendants is liable. If plaintiff is bringing this action pursuant to 42 U.S.C. §1983, he should state how each defendant violated his rights under the United States Constitution or a federal statute. However, plaintiff does not have to cite to specific statutes or sections of the Constitution. "[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim." *McEachin v. McGuinnis*, 357 F.3d 197, 199 n. 2 (2d Cir. 2004). "Factual allegations alone are what matters." *Id.*

Finally, plaintiff should state what remedies he seeks from each of the defendants. If plaintiff wants money damages, he should request the maximum amount of damages he wants to recover, since he will be limited by his demand. Plaintiff must also sign and date his amended complaint, but it need not be notarized.

## *CONCLUSION*

For the reasons stated above, this Court denies both plaintiff's request to enter a default pursuant to Fed. R. Civ. P. 55(a) and defendant's request that this Court, *sua sponte*, dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) or Fed. R. Civ. P. 41(b). The Court directs plaintiff to file a second amended complaint within 30 days of the date of this Memorandum and Order. The second amended complaint should follow the format set forth above.

No summonses shall issue at this time and all further proceedings shall be stayed pending plaintiff's submission of the second amended complaint. If plaintiff fails to file his amended complaint within the time allowed, this Court may dismiss this action without further notice to plaintiff. This Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/

/ SANDRA L. TOWNES
United States District Judge

Dated: January 6, 2012
Brooklyn, New York