```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SAMPSON IROABUCHI ONWUKA,

                    Plaintiff,

       -against-                                         MEMORANDUM AND ORDER

TAXI LIMOUSINE COMMISSION,                               10-CV-5399 (SLT)(LB)

                    Defendant.
-------------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 25 2012 ★
BROOKLYN OFFICE

**TOWNES, United States District Judge:**

On September 24, 2010, plaintiff Sampson Iroabuchi Onwuka, proceeding *pro se*, commenced this action against defendant Taxi Limousine Commission – presumably, the New York City Taxi & Limousine Commission ("TLC"). Although plaintiff's complaint did not state a basis for federal jurisdiction, this Court noted that it "appear[ed] to be alleging excessive force and malicious prosecution – claims which may be brought under 42 U.S.C. § 1983." Memorandum and Order dated Dec. 28, 2010, at 3. Since the complaint did not name any defendants aside from the TLC, which is not a suable entity, this Court granted plaintiff leave to file an amended complaint. *Id.* at 6. In its Memorandum and Order dated December 28, 2010 (the "First M&O"), this Court provided plaintiff with specific directions regarding how to amend his complaint.

In response, plaintiff submitted an unsigned 10-page, typewritten document entitled, "Complaint Amendment," which failed to comply with all the requirements set forth in the First M&O. Despite the First M&O's admonition that the TLC was not a suable entity, the caption of the amended pleading named the TLC as the sole defendant. However, the body of the pleading suggested that plaintiff was attempting to bring §1983 claims, implying that one or more individuals violated plaintiff's constitutional rights by falsely arresting, unlawfully detaining and

falsely imprisoning him; by maliciously prosecuting him; by using excessive force in effecting his arrest, and by depriving him of his property interest in his "hack license" without due process of law. The submission listed ten individuals allegedly involved in these events (*see* Complaint Amendment at 5), but did not specifically identify which of these individuals plaintiff intended to sue. In addition, the submission did not explain what certain individuals specifically named therein did or failed to do that may have violated plaintiff's federal constitutional or statutory rights.

In a Memorandum and Order dated January 6, 2012 (the "Second M&O"), this Court directed plaintiff to file a second amended complaint. Aware of plaintiff's *pro se* status, this Court provided detailed instructions regarding the drafting of the amended pleading. *See* Second M&O at 6-8. Specifically, the Court provided the following guidance:

> First, at the top of the first page of his second amended complaint plaintiff should include a caption which lists all parties to this action. The format of that caption should be the same as the caption that appears on the first page of this Memorandum of Order except in two regards. First, plaintiff should write "Second Amended Complaint" in place of "Memorandum and Order." Second, instead of "New York City Taxi Limousine Commission," plaintiff should list each and every defendant plaintiff intends to sue.
>
> Plaintiff should next allege a basis for this Court's exercise of jurisdiction. If plaintiff is a resident of the same state as one or more of the defendants, plaintiff will need to allege "federal question" jurisdiction under 28 U.S.C. § 1331. This section provides that this Court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." This Court assumes that plaintiff will allege that this Court has federal question jurisdiction because he is bringing this action pursuant to 42 U.S.C. §1983. However, if this assumption is incorrect, plaintiff should cite to another federal statute or suggest some other basis for the exercise of federal jurisdiction over this action.

Next, plaintiff should list the names and addresses of each of the defendants named in the caption of the amended pleading. If plaintiff does not know the name of a defendant, he can name the individual using a fictitious name – for example, "John Doe Security Officer #1" or "Jane Doe Clerk #2" – but should provide a physical description or other information that might help to identify him or her. Thus, instead of identifying a defendant simply as "John Doe Security Officer #1," plaintiff might say, "John Doe Security Officer #1 is a tall, thin, Hispanic man, about 30 years old, who was employed as a Security Officer at the TLC Office at 32-02 Queens Boulevard, Long Island City, and was one of the officers who pulled me away from the partition." If plaintiff provides enough details concerning these "Doe Defendants," this Court can request the Corporation Counsel of the City of New York to assist in ascertaining the full names of these defendants. *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam). Without these details, it may prove impossible to identify such defendants.

After identifying the defendants, plaintiff should provide a chronological description of the events that give rise to this action. This description, which should be set forth in numbered paragraphs, should contain only a short, plain statement of the facts and should not be interspersed with comments and opinions. Plaintiff's account of what happened need not be as detailed as the description of the October 22, 2007, incident that is contained in the "Complaint Amendment," but should be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 .Ct. 1937, 1949 (2009).

Once plaintiff has provided a description of the events that give rise to this action, plaintiff should explain why he claims each of the defendants is liable. If plaintiff is bringing this action pursuant to 42 U.S.C. §1983, he should state how each defendant violated his rights under the United States Constitution or a federal statute. However, plaintiff does not have to cite to specific statutes or sections of the Constitution. "[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a

3

> claim." *McEachin v. McGuinnis*, 357 F.3d 197, 199 n. 2 (2d Cir. 2004). "Factual allegations alone are what matters." *Id.*
>
> Finally, plaintiff should state what remedies he seeks from each of the defendants. If plaintiff wants money damages, he should request the maximum amount of damages he wants to recover, since he will be limited by his demand. Plaintiff must also sign and date his amended complaint, but it need not be notarized.

Second M&O at 6-8.

In response to this Second M&O, plaintiff has filed a 136-page second amended complaint. In that pleading, plaintiff has made a concerted effort to comply with the Second M&O, as indicated by headings which quote portions excerpted above. However, the complaint nonetheless omits certain important allegations and contains so much extraneous material as to render it unserviceable as a complaint.

The caption of the second amended complaint complies with this Court's directives, listing ten defendants. However, in the body of the complaint, plaintiff provides a second list of defendants which includes four individuals – Officers Atuegbu and Bonilla and two Doe Officers – who are not listed in the caption. Second Amended Complaint at 73. Accordingly, it is unclear whether plaintiff intends to sue these four individuals. If plaintiff does intend to sue them, they should be included in the caption.

The second amended complaint does not provide addresses for any of the defendants named in the caption, much less the four officers named on page 73. This Court may well be able to ascertain the addresses of some of the better-known defendants, such as Mayor Bloomberg and Commissioner Yassky. However, it might prove difficult or impossible to serve some of the other defendants – such as Luts, Officer Bonilla, or the Doe Officers – without more detail. At a minimum, plaintiff must state whether these defendants are male or female, indicate

4

whether the officers worked for the TLC or the New York City Police Department, and provide whatever other information plaintiff may have that would assist in identifying these defendants.

The second amended complaint suggests a basis for federal jurisdiction, stating that "his Civil rights action" is brought pursuant to 42 U.S.C. §1983. However, the pleading also cites to 28 U.S.C. § 1334, which relates to bankruptcy proceedings and is inapplicable here. In addition, the pleading invokes the supplemental jurisdiction provisions of 28 U.S.C. §1367, but does not specifically identify the state-law claims over which plaintiff wants this Court to exercise supplemental jurisdiction. To the extent that plaintiff wishes to advance state-law claims, he should add counts alleging such claims.

The second amended complaint attempts to provide a chronological description of the events giving rise to this action. However, that chronology, which does not start until page 98, takes the form of a cursory outline rather than a description. For example, the pleading alludes to an "incident at the T.L.C. leading to the confiscation of the license under the direction of Laverne Miller and a certain Lutz." Second Amended Complaint at 98. While this incident may be described in detail in plaintiff's prior pleadings, the Second Amended Complaint replaces, rather than supplements, those prior pleadings. Accordingly, although plaintiff does not have to go into the detail provided in the prior complaints, he must repeat those allegations in his amended pleading.

Moreover, some portions of the outline are cryptic, incomplete, or entirely incomprehensible. For example, the seventh numbered paragraph reads: "One element exist at the scene at the incident, then the Holmes." Second Amended Complaint at 99. Similarly, the ninth numbered paragraph states: "The other officers under the direction of Miller," *id.*, while the sixteenth numbered paragraph reads: "From the infraction of the Video tape, all parties involved

in prosecuting the defense, abscombed [sic]. The Plaintiff and the means." *Id.* at 100. In describing the incidents giving rise to this action, plaintiff should provide a short, plain statement of the facts, which defendants can either admit or deny. Plaintiff does not have to prove his version of the facts at this juncture, and his pleadings should not contain legal citations, extraneous information, or arguments.

In addition, the second amended complaint does not allege how each of the defendants named in the caption of the complaint was personally involved in the wrongdoing plaintiff is alleging. Some of the defendants – such as Bloomberg, Daus, Yassky, and Hardekopf – are not even mentioned in the chronological description. While some of these defendants are named in the counts listed on pages 128-131 of the Second Amended Complaint, these counts do not allege specific acts or omissions on the part of these defendants or explain how these acts or omissions violated plaintiff's civil rights.

Although the Second Amended Complaint attributes specific acts to other defendants, some of these acts are not alleged to have violated *plaintiff's* constitutional rights. For example, the pleading alludes to an "attempt by Kavanagh, Holmes, Bonilla and [others] to beat and arrest the guy by police," but does not state that plaintiff was "the guy." *Id.* at 99.

Finally, the second amended complaint is far too lengthy and prolix. As this Court noted in the Second M&O, a complaint "should contain only a short, plain statement of the facts and should not be interspersed with comments and opinions." Second M&O at 7. Moreover, the complaint should contain only allegations. There is no need to substantiate those allegations at this juncture; to quote from or cite to legal authorities, such as statutes and cases; or to address potential defenses, such as qualified immunity or collateral estoppel.

Since plaintiff may be able to state a claim, this Court will grant plaintiff permission to amend his complaint one more time. Plaintiff should follow the directives contained in that portion of this Court's Second M&O which is excerpted at length above. *See* pages 2-4. The third amended complaint should contain only the items listed in the Court's directive, not the conclusory statements, opinions and comments which fill the majority of the 136 pages which comprise the Second Amended Complaint. If plaintiff does not understand why his Second Amended Complaint is deficient or what he should include in his third amended complaint, he should contact the Pro Se Office at this courthouse in person, by mail, or by calling (718) 613-2665.

## *CONCLUSION*

For the reasons stated above, the Court grants plaintiff leave to file a third amended complaint within 30 days of the date of this Memorandum and Order. The Third Amended Complaint should follow the format described in the Second M&O and discussed in more detail in this Memorandum and Order.

No summonses shall issue at this time and all further proceedings shall be stayed pending plaintiff's submission of the Third Amended Complaint. If plaintiff fails to file his Third Amended Complaint within the time allowed, or fails to following the specific directions set forth in this, and prior, orders, this Court may dismiss this action without further notice to plaintiff. This Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis*

status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: July 24, 2012
Brooklyn, New York