UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMPSON IROABUCHI ONWUKA,

                 Plaintiff,

       -against-

TAXI LIMOUSINE COMMISSION,

                 Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5399 (SLT)(LB)

**TOWNES, United States District Judge:**

      For almost three years, this Court has been attempting, without success, to have the *pro se* plaintiff in this action submit a comprehensible complaint. In August 2012—shortly after plaintiff responded to a memorandum and order directing him to file a third amended complaint by essentially resubmitting the second amended complaint—Corporation Counsel requested, for the third time, that this action be dismissed pursuant to Rule 41(b). For the reasons set forth below, that motion is granted.

*BACKGROUND*

      The Court has issued three prior memoranda and orders in this case. Although this Court assumes familiarity with those prior rulings, the Court will briefly summarize those rulings to demonstrate the extraordinary lengths to which the Court has gone in an effort to elucidate plaintiff's claims.

      In late 2010, plaintiff filed a four-page form complaint, which attached a four-page, typewritten narrative and several exhibits. Although that complaint named the "Taxi Limousine Commission"—presumably, the New York City Taxi and Limousine Commission ("TLC")—as the only defendant and failed to state a claim against the TLC, the facts alleged in that pleading suggested that plaintiff was attempting to state a claim pursuant to 42 U.S.C. § 1983 against TLC

employees for police brutality and/or malicious prosecution. Accordingly, in a memorandum and order dated December 28, 2010 (the "First M&O"), this Court granted plaintiff leave to amend his complaint to, among other things, "name as defendants those individuals whom he alleges to have been personally involved in 'police brutality' and/or 'malicious prosecution.'" First M&O at 4. That memorandum expressly advised plaintiff that the TLC was not a suable entity and that he "should not name the TLC as a defendant" with respect to his claims pursuant to 42 U.S.C. § 1983. *Id*. at 5. That First M&O specifically directed that no summonses be issued. *Id.* at 7.

In early February 2011, plaintiff filed an unsigned, 10-page document entitled "Complaint Amendment," and the Clerk of Court erroneously issued plaintiff a summons. Although Corporation Counsel immediately notified this Court that the summons had been issued in error, *see* Letter to Hon. Lois Bloom from Asst. Corp. Counsel Bradford C. Patrick, dated Feb. 10, 2011, plaintiff subsequently served the summons and his "Complaint Amended" on the TLC. When the TLC failed to file an answer or move to dismiss plaintiff's pleading, plaintiff moved for a default judgment. The TLC not only opposed that request, but cross-moved to dismiss plaintiff's pleading either for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), or for failure to comply with the First M&O.

In *Onwuka v. New York City Taxi Limousine Comm'n*, No. 10-CV-5399 (SLT)(LB), 2012 WL 34090 (E.D.N.Y. Jan. 6, 2012) (the "Second M&O"), this Court declined to enter a default or to dismiss plaintiff's case. In discussing the TLC's motion to dismiss, this Court noted that plaintiff s amended pleading failed to comply with the First M&O. Specifically, the complaint continued to name the TLC as the sole defendant, did not make clear whether plaintiff intended

to sue any of the ten individuals named in the body of the complaint, and did not clearly state what each of those individuals did or failed to do. Aware that plaintiff was representing himself and unfamiliar with the pleading requirements, the Court provided plaintiff with guidance on how to prepare a second amended complaint and with the number of the Pro Se Office.

On May 4, 2012, after obtaining several extensions of time in which to file his second amended complaint, plaintiff filed a 136-page pleading. The second amended complaint no longer named the TLC as a defendant, but named ten new defendants: the State of New York; the City of New York; its mayor, Michael Bloomberg; the former and current Commissioners of the TLC, a TLC attorney and four other individuals. However, the pleading contained so much extraneous material as to make it impossible to discern plaintiff's claims. By letter dated May 24, 2012, Corporation Counsel again requested that this Court dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's orders. *See* Letter to Hon. Sandra L. Townes from Asst. Corp. Counsel Steven M. SIlverberg, dated May 24, 2012.

In a memorandum and order dated July 24, 2012, but filed on July 25, 2014—*Onwuka v. Taxi Limousine Comm'n*, No. 10-CV-5399 (SLT)(LB), 2012 WL 3043202 (E.D.N.Y. July 25, 2012) (the "Third M&O")—this Court disregarded Corporation Counsel's request and granted plaintiff yet another opportunity to amend his pleading. In that Third M&O, this Court again provided guidance on how to prepare a complaint and provided plaintiff with the number of the Pro Se Office. The Court also took pains to explain why the Second Amended Complaint was inadequate, stating, *inter alia*:

> [T]he second amended complaint is far too lengthy and prolix. As this Court noted in the Second M&O, a complaint "should contain

3

> only a short, plain statement of the facts and should not be
> interspersed with comments and opinions." Second M&O at 7.
> Moreover, the complaint should contain only allegations. There is
> no need to substantiate those allegations at this juncture; to quote
> from or cite to legal authorities, such as statutes and cases; or to
> address potential defenses, such as qualified immunity or collateral
> estoppel.

Third M&O at 6; 2012 WL 3043202, at *4. The Court then granted plaintiff permission to file a third amended complaint but warned:

> The Third Amended Complaint should follow the format described
> in the Second M&O and discussed in more detail in this
> Memorandum and Order. ... If plaintiff fails to file his Third
> Amended Complaint within the time allowed, or fails to following
> [*sic*] the specific directions set forth in this, and prior, orders, this
> Court may dismiss this action without further notice to plaintiff.

Third M&O at 7; 2012 WL 3043202, at *5.

In mid-August 2012, this Court received a third amended complaint, bearing a handwritten title reading "Second Amended Complaint." That pleading appears to be almost identical to the second amended complaint. Indeed, the only apparent substantive difference between the two pleadings appears to be in the handwritten notations on the last page. The last page of the second amended complaint is dated April 15, 2012, while the last page of the third amended complaint states that it was "Resubmitted by Plaintiff Sampson Onwuka August 5th, 2012."

In a letter dated August 21, 2012, Corporation Counsel renewed the request to dismiss this action pursuant to Rule 41(b). In that letter, Corporation Counsel noted:

> Plaintiff . . . has now twice been warned that his failure to abide by
> previous Court Orders could result in dismissal. On each occasion,
> plaintiff's subsequent filing has been increasingly non-responsive
> to the Court's warnings and instruction. Accordingly, it is
> respectfully requested that the Court dismiss this action with
> prejudice pursuant to Fed. R. Civ. P. 41(b).

Letter to Hon. Sandra L. Townes from Asst. Corp. Counsel Steven M. SIlverberg, dated Aug. 21, 2012, at 2-3.

On August 7, 2013, plaintiff filed a 13-page document entitled,"Response to Defendant's Challenge to Plaintiff's Second Amended Complaint" ("Plaintiff's Response"). Portions of that submission appear to imply that plaintiff never received the Third M&O, stating "that the letter sent to the plaintiff on July 24th 2012 was the same letter from January 2012." Plaintiff's Response at 2. However, that document also quotes from the Third M&O, *id.* at 5, and expressly states that plaintiff "responded to this July 24th, 2012 letter on August 11, 2012 with the Second Amended Complaint as the Judge ordered." *Id*. at 2.

Plaintiff's Response does not explain why the third amended complaint is nearly identical to the second amended complaint. Rather, Plaintiff's Response discusses various portions of the Third M&O, and attempts to provide some explanation for plaintiff's failure to obey that order.

## *DISCUSSION*

Although Corporation Counsel urges this Court to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this Court deems it more appropriate to analyze the motion pursuant to Rule 8 of the Federal Rule of Civil Procedure. *See Ferran v. Office of Dist. Attorney of County of Rensselaer*, 351 F. App'x 508, 509 (2d Cir. 2009) (summary order). Rule 8 requires, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing *Geisler v. Petrocelli*, 616 F.2d 636,

640 (2d Cir. 1980)). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

Where a *pro se* plaintiff's complaint fails to comply with Rule 8's pleading conventions, a district court should not dismiss the action "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Indeed, in light of the "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities," the Second Circuit has held that "it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Salahuddin*, 861 F.2d at 42. However, the Second Circuit made it clear that there were exceptions to this general rule, stating:

> We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible ....

*Id.* (citing cases). Indeed, the Second Circuit has upheld the dismissal of actions in which a party has been given opportunities to replead, but has continued to submit defective pleadings. *See De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996) (upholding dismissal of an action in which the plaintiffs were accorded four opportunities to plead their claims); *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) (holding that a district court "did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (per curiam) (holding that dismissal of the action was appropriate where the original complaint was "a labyrinthian prolixity of unrelated and vituperative charges that

defied comprehension" and the amended complaint failed to cure the prolixity and incomprehensibility), *cert. denied*, 411 U.S. 935 (1973).

In this case, as in *De Jesus* and *Armstrong*, plaintiff has had four opportunities to amend his pleading. This Court has previously rejected three defense request to dismiss this action. On all three occasions, this Court attempted to assist plaintiff by identifying claims suggested by the facts and providing guidance on how to draft a complaint stating those claims. This Court also advised plaintiff that he could receive assistance in drafting his complaint by contacting the Pro Se Office at this courthouse.

Plaintiff, however, has proven to be unwilling or unable to follow this Court's instructions. Indeed, plaintiff's two most recent pleadings can only be described as labyrinthian and prolix, crammed with vituperative charges and sprinkled with conclusory allegations. While plaintiff's early pleadings at least suggested causes of action—albeit not causes of action against the TLC, the only named defendant—plaintiff's two most recent pleadings are virtually incomprehensible.

In its Third M&O, this Court explained the problems with the Second Amended Complaint and again provided guidance as to how to draft a complaint that met the requirements of Rule 8. The Third M&O specifically warned plaintiff that this Court would dismiss this action if he failed to follow "the specific directions set forth in this, and prior[ ] orders." Third M&O at 7; 2012 WL 3043202, at *5 (alterations added). Yet, plaintiff responded to the Third M&O by filing a third amended complaint which was virtually identical to the second amended complaint. Moreover, when defense counsel moved to dismiss the third amended complaint, plaintiff responded by implying that he had never received the Third M&O, despite the fact that the response itself cited to the Third M&O.

This Court is cognizant of the "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities," and the judicial reluctance to dismiss an action on account of a plaintiff's failure to adhere to pleading formalities. However, in light of history of this case, it is abundantly clear that plaintiff is either unwilling or unable to follow this Court's orders and produce a complaint that meets the requirements of Rule 8. The pleadings produced thus far do not provide fair notice of the claims plaintiff intends to raise. If this Court were to require an answer to the most recent pleading, Corporation Counsel would have to attempt to select the relevant portions from an unwieldy "mass of verbiage." *Salahuddin*, 861 F.2d at 42. Given plaintiff's unexplained failure to comply with the Third M&O, granting plaintiff permission to amend his pleading once again would be entirely futile. Under these extraordinary and extreme circumstances, dismissal of this action is the only appropriate remedy.

## *CONCLUSION*

For the reasons set forth above, Corporation Counsel's motion to dismiss this action is granted and this action is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from the order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: March 31, 2014
　　　　Brooklyn, New York